**MEI QI ZOU, Petitioner,**

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–3628–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Frank R. Liu, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Jennifer Zacks, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

Present: CABRANES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED and the BIA's order be AFFIRMED.

In February 2003, Zou, a native and resident of China, filed an application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. In his application, Zou stated that he came to the United States because the Chinese government was attempting to arrest him because he and his wife married below the minimum age, cohabitated, and were expecting a baby.

■ A petitioner must "raise issues to the BIA in order to preserve them for judicial review." *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (citing *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004)); 8 U.S.C. § 1252(d)(1). The Government argues

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

that Zou did not exhaust his claim to the BIA.

Though Zou's brief to the Board did not contain any arguments pertaining to his CAT claim, the "Attached Statement" on his Notice to Appeal argues that, "The Immigration Judge erred in denying the relief under the Convention Against Torture. Respondent will be detained and tortured upon returning to China and the Immigration Judge failed to consider the severe consequences to be faced by the respondent." The presence of this argument in the Notice of Appeal preserves the argument for appeal and this court retains jurisdiction to consider Zou's CAT claim.

 Zou's application for asylum and withholding of removal included a claim for CAT relief, yet there are no statements in his asylum application which indicate that he fears being tortured upon return to China. Additionally, at no point during his asylum hearing did Zou testify that he feared being tortured upon return to China. CAT relief requires that an applicant show that he would more likely than not be tortured, but does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004). Here, the record shows that the BIA correctly held that, even assuming Zou's testimony was credible, he presented no support for his assertion that he would be tortured upon his return to China.

 Finally, Zou does not challenge the denial of asylum and withholding of removal in this Court, and, thus, those claims are waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117–118 (2d Cir.1998).

---

1. In accordance with the acknowledgment letter received from petitioner's counsel on April 10, 2003, the petitioner's designation in the official caption is amended from "Gen Kun Jian" to "Jin Kang Jiang."

For the foregoing reasons, the petition for review is DENIED and the BIA order is AFFIRMED.