**QIAO YING ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–4577–AG.**

United States Court of Appeals, Second Circuit.

April 27, 2006.

---

1.   Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Frank R. Liu, New York, NY, for Petitioner.

M. Kent Anderson, Assistant United States Attorney, for Harry S. Mattice, Jr., United States Attorney, Eastern District of Tennessee, Chattanooga, TN, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Qiao Ying Zheng, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA affirmed the IJ's decision without opinion. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). The IJ's factual findings are reviewed under the substantial evidence standard and may be overturned only if any reasonable adjudi-

cator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).·

At the same time, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003)). While an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam), it may not be based on flawed reasoning, such as speculation or conjecture, *see Secaida–Rosales*, 331 F.3d at 307, 312.

■ Even applying a deferential standard of review, we cannot find that the grounds the IJ relied upon to support the adverse credibility determination are valid. First, the IJ's characterization of Zheng's testimony as memorized and lacking "details regarding alleged events" was based upon flawed reasoning. The IJ noted that Zheng's confusion of the date of her abortion with the date of her birth evinces that she "simply memorized [the dates] and . . . [that they] have no meaning for her because these things did not happen." As we explained in *Jin Chen v. U.S. Dep't. of Justice*, 426 F.3d 104, 114 (2d Cir.2005), "where testimony is 'spare' yet specific and detailed enough to support the essential elements of an applicant's claim, . . . the IJ and counsel for the [Government] may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Id.* at 114 (quoting *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003)).

There is no indication in the IJ's decision that a search for incidental details was conducted. The IJ merely noted that Zheng's testimony lacked detail.

■ Secondly, the IJ's evaluation of Zheng's testimony as implausible was not supported by substantial evidence but rather was based only on speculation and conjecture. The IJ found Zheng's testimony to be improbable because he did not believe that: (1) Zheng would go to a governmental hospital for a pregnancy test if she knew that an out-of-wedlock pregnancy was illegal; (2) Zheng would register her parent's address as her address at the hospital if she lived with her boyfriend at another location; and (3) the family planning officers coincidently came to her parent's home to take her for an abortion on the day that she happened to be visiting. However, when asked to explain how the planning officers knew to find her at her parent's home, Zheng explained that she had registered under her parent's address when she went to the hospital for a pregnancy test. Moreover, she testified that she registered under her parent's address even though she was not living there because she did not consider the Chandler City address her home since it was a rental place. The IJ never addressed the adequacy of Zheng's responses. Although Zheng did not offer an explanation for why she went to the governmental hospital, the IJ "improperly speculated" that Zheng had an alternative place to seek medical attention upon suspecting that she was pregnant. *Secaida–Rosales*, 331 F.3d at 307. The IJ failed to point out why the explanations Zheng provided were illogical, and consequently did not "carefully detail the reasoning leading to the adverse finding." *Id.* at 307.

Finally, to deny an application for lack of sufficient corroboration, an IJ must identify the specific documentation at issue and show that it was reasonably available.

*Qiu,* 329 F.3d at 153. Granted, the IJ "identif[ied] the particular pieces of missing, relevant documentation," specifically, letters or statements from Zheng's parents and boyfriend, but he did not rely on evidence in the record in determining that "the documentation at issue was reasonably available to the petitioner." *Id.* The IJ merely concluded that Zheng could have submitted evidence, in addition to the recently-issued notarized birth certificate, without assessing her reasons, if any, for not providing the corroboration at issue. *See Diallo v. INS,* 232 F.3d 279, 280 (2d Cir.2000). Furthermore, a lack of corroboration is not always fatal. *See Qiu,* 329 F.3d at 153. We find that it does not constitute an independent ground upon which we can affirm the BIA's decision. *See id.*

Since the IJ's credibility determination is not supported by substantial evidence, the BIA's decision affirming the IJ's decision cannot stand. *Secaida–Rosales,* 331 F.3d at 307, 312.

Zheng's CAT claim has been waived because Zheng did not challenge the IJ's finding that an IUD insertion would constitute torture in her brief before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

*Warning to Counsel*

Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include, *inter alia,* a succinct and clear summary of the argument, containing appellant's contentions, the reasons for them, and the accompanying citations and applicable standards of review. *See* Fed. R.App. P. 28(a)(6), (7), (8), (9). These are mandatory requirements. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (*per curiam* ).

In this case, the carelessly-written appellate brief filed by Zheng's counsel, Frank Liu, does not comply with these rules, for although he properly identifies the legal standards, he does not apply those standards to Zheng's claim other than by providing merely conclusory statements. Additionally, the brief erroneously states that Zheng "clearly violated the widely-publicized coercive population control practices by the Chinese government by extending protection to her pregnant cousin," a statement that is not supported by any evidence in the record, and reflects a perfunctory use of prior briefs. Therefore, counsel is cautioned that future failure to comply with the Federal Rules of Appellate Procedure could result in discipline. *See* Fed. R.App. P. 46(b), (c).

For the foregoing reasons, we GRANT Zheng's petition for review, VACATE the BIA decision, and REMAND to the BIA to determine Zheng's credibility based on substantial evidence, consistent with this order.