**XIU ZHEN CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–4033–ag.**

United States Court of Appeals, Second Circuit.

June 5, 2006.

Frank R. Liu, New York, NY, for Petitioner.

Robert M. Butler, Assistant United States Attorney for the Northern District of Iowa, Cedar Rapids, IA, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xiu Zhen Chen, a native and citizen of the People's Republic of China, petitions for review of a BIA decision affirming the decision of Immigration Judge ("IJ") John Opaciuch denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's adverse credibility determination in this case is supported by substantial evidence. First, the IJ found that Chen's claim that she was forced to have an IUD inserted after the birth of her first child was inconsistent with the 1998 State Department Report, China: Profile of Asylum Claims and Country Conditions ("Asylum Profile"), which states that in Chen's home province, Fujian, the use of the IUD appears to be for families who have already had two or three children and that family planning measures are not applied in a systematic manner in rural areas. Although we have cautioned against placing "excessive reliance" on State Department country reports, *see Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir. 2004), the IJ here "properly considered the inconsistency between petitioner's statements and the country report as part of his overall determination that petitioner's account was not credible," *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 165 (2d Cir.2006).

Second, the IJ determined Chen not to be credible because, although she claimed that when she was subject to a forced abortion, she was not employed in China, she nonetheless submitted an abortion certificate into evidence. The IJ noted that Chen's claim was contradicted by the Asylum Profile, which stated that abortion certificates are issued to certify that a patient has undergone a voluntary abortion, in order that the patient might request two weeks of sick leave from her employer. Here, it was proper for the BIA to consider the Asylum Profile and to make an adverse credibility determination based on the report and the evidence in the record. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400–01 (2d Cir.2006). The Asylum Profile states that "a document that might resemble ... [a so-called abortion] certificate is ... issued by hospitals upon a patient's request after a voluntary abortion ... [and] used by patients as evidence to request 2 weeks of sick leave after an abortion has been performed, a right provided by the law." Chen presented no evidence to contradict the Asylum Profile, and she did not explain why she would have been given the alleged abortion certificate, considering that she was allegedly both subject to a forced abortion and not employed.

The IJ also reasonably found Chen not credible because the receipt for the payment of the fine for Chen's purported violation of family planning policies was paid by Chen's mother after Chen was already in the United States, but the receipt failed

to mention the names of either Chen's mother or Chen's husband—the latter of whom, along with Chen, was accused in the original fine notice of violating the law.

Finally, the IJ found Chen incredible because she claimed that she and her husband went into hiding in mid-June, after she discovered she was pregnant, and remained there until November 4, but in their letters, neither Chen's husband, mother, nor aunt mentioned that the couple was in hiding during that period. The IJ could reasonably expect that the letters Chen submitted in support of her application would mention that the couple had gone into hiding at her aunt's house after Chen discovered she was pregnant, given that Chen claimed she and her husband initially hid to avoid discovery of her pregnancy by the family planning authorities, and it was only when she came out of hiding that the authorities discovered her and forced her to undergo an abortion.

These findings alone are sufficient for us to uphold the IJ's decision because we can confidently predict the same outcome even absent any flaws in the IJ's reasoning. *See Xiao Ji Chen,* 434 F.3d at 159–65. Because the only evidence of a threat of future persecution to Chen depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim of future persecution. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In any event, because Chen did not raise her withholding of removal claim before the BIA, that claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Further, because Chen did not raise her CAT claim before the BIA, and she does not meaningfully raise it

here,[2] this claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86; *Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

**2.** Chen's analysis of her CAT claim is conclusory: "[f]rom both the written submissions and the oral testimony by [Chen] it is clear that [Chen] has established his burden of proof that he is more likely than not to be

subject to persecution and torture for what he [sic] did in China and for his [sic] illegal departure from China." Chen provides no argument to support this claim.