**Qimin WENG, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–5017–ag.

United States Court of Appeals, Second Circuit.

July 11, 2006.

Frank R. Liu, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney, Samuel G. Longoria, Assistant United States Attorney, Houston, TX, for Respondent.

Present: DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges, EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Qimin Weng petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the decision of an Immigration Judge ("IJ") denying Weng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms without opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings, including an adverse credibility finding, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [IJ] has relied primarily

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

We conclude for the following three reasons that substantial evidence supported the IJ's adverse credibility finding:

(i) The IJ cited the evasive and sketchy nature of Weng's testimony, and expressed great skepticism regarding the details of Weng's narrative. An IJ may appropriately consider these factors in assessing credibility. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006).

(ii) The Form I–703 submitted by the government indicates that Weng testified at his bond hearing that he sought asylum because his wife was forced to undergo an abortion and he feared being further subjected to Chinese family planning policies. Weng expressly disclaimed this rationale during his hearing, testifying instead that he sought asylum to escape religious persecution. Weng testified at the hearing that he never made the statements ascribed to him in the Form I–703, but the document itself—and the circumstances in which the bond hearing were conducted—bear indicia of reliability. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir.2004) (discussing indicia of reliability in context of airport interview).

(iii) Weng could not specify where the church he attended in Chinatown, New York, was located, despite claiming that he attended services there once a month. The IJ reasonably discounted Weng's explanation that he did not know where the Church was located because he did not speak English.

We thus need not consider whether the IJ erred in finding that Weng was unable at the hearing to demonstrate knowledge commensurate with his claimed exposure to Christian doctrine. Even absent this

basis for the IJ's adverse credibility finding, "we can state with confidence that [she] would adhere to h[er] decision if we were to remand." *Xiao Ji Chen v. DOJ,* 434 F.3d 144, 158 (2d Cir.2006).

Weng abandoned any challenge to the IJ's denial of his claim for withholding of removal under the CAT by failing to discuss this claim anywhere in his brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.