**JINGCHI JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5245–AG.**

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Frank R. Liu, New York, NY, for Petitioner.

Stephen J. Murray, United States Attorney for the Eastern District of Michigan, Kevin M. Mulcahy, Assistant United States Attorney, Detroit, MI, for Respondent.

Present JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Jingchi Jiang, through counsel, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Roxanne Hladylowycz, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, Jiang testified only that he was suspended from school on three occasions because he spoke to fellow classmates about his religion. He admitted that he was never arrested or detained. Neither Jiang's life nor freedom was threatened by these suspensions, and as a result, the IJ did not err in determining that this treatment was not severe enough to be considered persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ( "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.")); *see also Matter of Acosta,* 19 I & N Dec. 211, 222 (BIA 1985) (holding that persecution is "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive").

We also agree with the IJ that Jiang failed to prove he had a well-founded fear of persecution on account of his religious beliefs. Because Jiang's family continues to live in China, and continues to practice their religion in the same church, the IJ's determination that any fear Jiang had of returning to China was not objectively reasonable was supported by substantial evidence. *See Matter of A–E–M–,* 21 I. & N. Dec. 1157, 1160 (BIA 1998); *cf. You Hao Yang v. BIA,* 440 F.3d 72, 75 (2d

Cir.2006) (holding that an IJ was unreasonable in basing an adverse credibility determination on the fact that family members of the applicant, who had also experienced persecution, had not fled their native country). The information in the country reports does not compel a conclusion otherwise. The State Department report indicates that the Chinese government tolerates small churches, which is the type of church Jiang's family continues to attend in China. Because the IJ did not err in denying his asylum claim, the IJ's denial of his related withholding of removal claim is also supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Although Jiang mentions the denial of his CAT claim in his brief, he does not make any arguments as to why the IJ's finding was erroneous. Accordingly, this single sentence is insufficient to raise an issue and his CAT claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The respondent's motion for vacatur and remand is DENIED as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).