**XIU YAN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–2949–ag.

United States Court of Appeals, Second Circuit.

Feb. 21, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Brett L. Tolman, United States Attorney for the District of Utah, Stephen J. Sorenson, Assistant United States Attorney, Salt Lake City, UT, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Yan Chen, a native and citizen of the People's Republic of China, seeks review of a June 9, 2005 order of the BIA affirming the December 23, 2003 decision of Immigration Judge ("IJ") Noel Ferris denying petitioner's application for asylum, withholding of removal, and CAT relief. *In re Xiu Yan Chen,* No. A 78 848 931 (B.I.A. June 9, 2005), *aff'g* No. A 78 848 931 (Immig. Ct. N.Y. City Dec. 23, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 Exhaustion of administrative remedies is statutorily required for aliens challenging final orders of removal and requires exhaustion of bases for relief. 8 U.S.C. § 1252(d)(1); *see Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). Because Chen failed to raise her claims for withholding of removal and CAT relief before the BIA, this Court lacks jurisdiction to review those claims.

 Furthermore, issues not argued in briefs are considered waived and will not normally be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). In her brief to this Court, Chen fails to address any of the findings made by the IJ in support of her adverse credibility determination or in support of her conclusion that Chen failed to sustain her burden of proof. The brief only cites the documents submitted by Chen and fails to explain how any of these documents corroborated her claim. Due to the brief and conclusory nature of Chen's arguments that in no way challenged the IJ's denial of asylum, we find Chen's asylum claim abandoned. *See Yueqing Zhang,* 426 F.3d at 546 n. 7.

This Court has previously warned petitioner's counsel Frank R. Liu, Esq., that continued submission of carelessly-written briefs could result in discipline. *See Quiao Ying Zheng v. Gonzales,* 179 Fed.Appx. 84, 87 (2d Cir.2006). Although we conclude that the record offers no support for Chen's petition, we note that the brief Liu submitted in support of Chen's petition for review is seriously deficient. To conclude that an IJ's decision was not supported by substantial evidence without addressing any of IJ's findings violates Federal Rule of Appellate Procedure 28(a)(9), requiring an appellant's brief to address all issues and explain the reasons for his contentions. Counsel is again warned that future failure to comply with the Federal Rules of Appellate Procedure and submission of briefs of similar quality could result in discipline.

For the foregoing reasons, the petition for review is DENIED in part as to petitioner's asylum claim and DISMISSED in part for lack of jurisdiction as to petitioner's claims for withholding of removal and CAT relief. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).