**JANG WAN LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3539–ag.

United States Court of Appeals,
Second Circuit.

April 18, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jang Wan Liu, a native and citizen of the People's Republic of China, seeks review of a June 30, 2006 order of the BIA affirming the March 17, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying Liu's application for asylum and withholding of deportation. *In re Jang Wan Liu,* No. A72 474 055 (B.I.A. June 30, 2006), *aff'g* No. A72 474 055 (Immig. Ct. N.Y. City, March 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review Petitioner's argument that he established eligibility for relief under the Convention Against Torture, be-

cause he failed to exhaust that claim before the IJ. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1).

■ Furthermore, issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In his brief to this Court, Petitioner fails to specifically address any of the findings made by the IJ in support of her adverse credibility determination. Instead, Petitioner merely conclusorily argues that "nothing in the record supports" the IJ's finding, and cites the documents submitted during the merits hearing, without explaining how they corroborated his claim. Because Petitioner has failed to argue sufficiently the IJ's adverse credibility determination before this Court, we deem any such argument abandoned. *See Yueqing Zhang,* 426 F.3d at 545 n. 7.

■ This Court has previously warned Petitioner's counsel, Frank R. Liu, Esq., that continued submission of carelessly written briefs could result in discipline. *See, e.g., Xiu Yan Chen v. Gonzales,* 228 Fed.Appx. 12, 13 (2d Cir.2007) (Summary Order). Here, again, the brief he has submitted is seriously deficient. To "argue" that an IJ's decision was not supported by substantial evidence without specifically addressing any of the IJ's findings violates Federal Rule of Appellate Procedure 28(a)(9), requiring an appellant's brief to address all issues and explain the reasons for his contentions. Counsel is again warned that future failure to comply with the Federal Rules of Appellate Procedure and submission of briefs of similar quality will result in discipline.

Having concluded that any challenge to the IJ's adverse credibility finding has been abandoned, we nonetheless note that such finding was amply supported by the evidence. The IJ's finding was based on substantial inconsistencies involving the heart of Petitioner's claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.