**WEN FUI LIU, aka Wen Hui Liu, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0018–ag.

United States Court of Appeals, Second Circuit.

May 2, 2007.

Frank R. Liu, New York, New York, for Petitioner.

Bud Cummins, United States Attorney for the Eastern District of Arkansas, Richard M. Pence, Jr., Assistant United States Attorney, Little Rock, Arkansas, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Wen Fui Liu, a citizen of the People's Republic of China, seeks review of a December 9, 2005 order of the BIA affirming the November 4, 2004 decision of Immigration Judge ("IJ") William F. Jenkin denying Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Fui Liu,* No. A72 054 797 (BIA Dec. 9, 2005), *aff'g* No. No. A72 054 797 (Immig. Ct. N.Y. City Nov. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In his brief to this Court, Petitioner fails to specifically address any of the findings made by the IJ in support of his adverse credibility determination. Instead, Petitioner argues in conclusory fashion that "nothing in the record supports" the IJ's finding, and that the finding was "certainly wrong" because "petitioner never substantially deviated from his original claim." Petitioner further asserts that "there were no allegations that the petitioner lied or produced any fraudulent documents to boost his claim." Despite these bald assertions, however, the IJ's decision was based almost exclusively on his finding that Petitioner had lied and that he had submitted

44

fraudulent documents. Because Petitioner has failed to argue sufficiently the IJ's adverse credibility determination before this Court, we deem any such argument abandoned. *See Yueqing Zhang,* 426 F.3d at 545 n. 7.

This Court has previously warned Petitioner's counsel, Frank R. Liu, Esq., that continued submission of carelessly written briefs could result in discipline. *See e.g., Xiu Yan Chen v. Gonzales,* 228 Fed.Appx. 12, 13, (2d Cir.2007) (Summary Order). Here, again, the brief he has submitted is seriously deficient. To "argue" that an IJ's decision was not supported by substantial evidence without addressing any of the IJ's specific findings violates Federal Rule of Appellate Procedure 28(a)(9), requiring an appellant's brief to address all issues and explain the reasons for any contentions therein. Counsel is again warned that future failure to comply with the Federal Rules of Appellate Procedure and submission of briefs of similar quality will result in discipline.

■ Having concluded that any challenge to the IJ's adverse credibility determination has been abandoned, we nonetheless note that such determination was amply supported by the evidence, as it was based on substantial inconsistencies that went to the heart of Petitioner's claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). We agree with the IJ that Petitioner's varying accounts of his and his wife's alleged persecution fatally undermined his credibility, as did the dubious nature of his corroborative evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).