**BO LIANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2582–ag.

United States Court of Appeals, Second Circuit.

May 18, 2007.

Frank R. Liu, New York, New York, for Petitioner.

Matthew H. Mead, United States Attorney, Carol A. Statkus, Assistant United States Attorney, Cheyenne, Wyoming, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Bo Liang Chen, a native and citizen of the People's Republic of China, seeks review of a May 3, 2006, order of the BIA affirming the January 11, 2005, decision of Immigration Judge ("IJ") Noel Ferris denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bo Liang Chen,* No. A77 957 517 (B.I.A. May 3, 2006), *aff'g* No. A77 957 517 (Immig. Ct. N.Y. City Jan. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we do not consider Chen's illegal departure claim under the Convention Against Torture ("CAT"), because he has failed to argue the claim before this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

Moreover, in his brief to this Court, Chen fails to address meaningfully any of the findings made by the IJ in support of her adverse credibility determination. Instead, Chen's counsel conclusorily argues that "substantial evidence in the complete record of proceedings does not support the Immigration Judge's determination that the petitioner was not credible or had failed to meet his burden of proof," de-

scribes without challenging one of the IJ's many adverse credibility findings, and suggests that the IJ should have "excused the minor discrepancy" and "focused on the basis of the consistency" of petitioner's presentation. The only "argument" advanced is that "it was possible that petitioner wrongly remembered certain events" and a bald assertion that the IJ intimidated and humiliated him. Because Chen has failed to contest the IJ's adverse credibility determination sufficiently before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such challenge abandoned. *See Yueqing Zhang,* 426 F.3d at 546 n. 7.

This Court has previously warned Chen's counsel that continued submission of carelessly written briefs could result in discipline. *See e.g., Xiu Yan Chen v. Gonzales,* No. 05–2949–ag, 228 Fed.Appx. 12, 13, 2007 WL 1113888 (2d Cir. Feb. 21, 2007) (Summary Order). Here, again, the brief he has submitted is seriously deficient. To "argue" that an IJ's decision was not supported by substantial evidence without specifically addressing any of the IJ's findings violates Federal Rule of Appellate Procedure 28(a)(9), requiring an appellant's brief to address all issues and explain the reasons for his contentions. Accordingly, we are referring the matter to this Court's Committee on Admissions and Grievances.

Having concluded that any challenge to the IJ's adverse credibility finding has been abandoned, we nonetheless note that such finding was amply supported by the evidence. The IJ's finding was based on substantial inconsistencies involving the heart of Petitioner's claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.