**In re: Frank LIU, Attorney.**

**No. 07–9065–am.**

United States Court of Appeals, Second Circuit.

May 27, 2008.

Present: Hon. JOSE A. CABRANES, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

## ORDER

By prior order of this panel, Frank R. Liu was ordered to show cause why he should not be sanctioned for his deficient briefing and his failure to comply with this Court's scheduling orders. In his response to our order, Liu stated, *inter alia*, that his deficient performance stemmed from his inexperience and unfamiliarity with the applicable rules, his heavy caseload as a solo practitioner, and the pressing deadlines in his various cases. Liu also stated that he has referred his remaining cases in this Court to an attorney who has experience with immigration appeals, and that he will refrain from representing parties in appeals without the assistance of an attorney with such experience.

Upon due consideration, it is hereby ORDERED that Liu be, and hereby is, PUBLICLY CENSURED for the conduct described in this panel's prior order in this matter. We find that a reasonable person in Liu's position would have familiarized himself with the applicable rules and known that his briefs did not satisfy various important Rule 28 requirements; that his behavior put his client's interests in significant peril; and that his briefing deficiencies and his scheduling defaults caused significant inconvenience to the judges and staff of this Court. Although the conduct described in our prior order generally would warrant a significantly greater sanction, we conclude that a lesser sanction is appropriate in light of the circumstances described in Liu's response to that order and the other corrective measures noted in the following paragraph. *Cf. In re Flannery,* 186 F.3d 143, 145–46 (2d Cir.1999)

(detailing sanction policy for attorneys who fail to file briefs in criminal appeals).

It is further ORDERED that, until further notice of this panel, Liu:

(a) not file any new cases in this Court, or additional documents in current cases, unless an experienced appellate attorney appears as co-counsel;

(b) notify this panel, under this caption and docket number, of every case in this Court in which he is performing legal services, even if not as attorney of record, within ten days of the filing of the document commencing the case or, where the case was filed prior to his retention, within ten days of his retention; and

(c) provide this panel with a copy of every future brief, motion for an extension of time to file a brief, and motion to reinstate an appeal he files in this Court, within ten days of the filing of the brief or motion.

Liu is warned that any future deficient performance in this Court may result in the imposition of further disciplinary or other corrective measures, including, but not limited to, monetary sanctions, suspension, or disbarment. We strongly encourage Liu to attend continuing legal education classes in the areas of appellate practice, legal writing, and immigration law if he intends to bring any future appeals or continue his immigration law practice.

Finally, we note that, in *Zhe Xu v. Mukasey*, No. 06–0012–ag, which is Liu's only currently pending case in this Court, Liu's brief does not comply with Federal Rule of Appellate Procedure 28. For example, the brief's background section does not include citations to the administrative record, and the discussion section does not include any application of law to fact. *See id.*, brief filed Oct. 17, 2006. By separate order

entered in that appeal, we instruct Liu to file an amended brief.

The Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court. The text of this Panel's prior order in this proceeding requiring Liu to show cause why disciplinary or other corrective measures should not be imposed on him, and Liu's response to that order, are also to be released to the public, as Appendices 1 and 2 to the present order.

### APPENDIX 1

### *Text of prior order requiring Frank Liu to show cause why disciplinary or other corrective measures should not be imposed on him*

For the reasons that follow, Frank Liu is ordered to show cause why disciplinary or other corrective measures, including disbarment or suspension from this Court's bar, should not be imposed on him, pursuant to Federal Rule of Civil Procedure 46(b) and (c) and Second Circuit Local Rule 46.

In this Court's April 2006 order disposing of the appeal in *Qiao Ying Zheng v. Ashcroft [Gonzales]*, 04–4577–ag [179 Fed. Appx. 84], the Court noted that Liu's "carelessly-written appellate brief" for the petitioner in that case did not comply with various provisions of Federal Rule of Appellate Procedure 28, and warned Liu that "future failure to comply with the Federal Rules of Appellate Procedure could result in discipline." *Qiao Ying Zheng*, 04–4577–ag, order filed Apr. 27, 2006, at 5 [179 Fed.Appx. at 87]. Specifically, the Court stated that

although [Liu] properly identifie[d] the legal standards, he [did] not apply those

standards to Zheng's claim other than by providing merely conclusory statements. Additionally, the brief erroneously states that Zheng "clearly violated the widely-publicized coercive population control practices by the Chinese government by extending protection to her pregnant cousin," a statement that is not supported by any evidence in the record, and reflects a perfunctory use of prior briefs.

*Id.; see also Xiu Zhen Chen v. Gonzales,* 04–4033–ag, order filed June 5, 2006, at 4 and n. 2 [184 Fed.Appx. 110, 112 and n. 2] (finding claim under the Convention Against Torture ("CAT") both unexhausted and "not meaningfully raise[d]" in this Court due to Liu's conclusory analysis and failure to provide a supporting argument); *Jingchi Jiang v. Gonzales,* 04–5245–ag, order filed Aug. 1, 2006, at 3 [190 Fed.Appx. 92, 94] ("Although Jiang mentions the denial of his CAT claim in his brief, he does not make any arguments as to why the IJ's finding was erroneous. Accordingly, this single sentence is insufficient to raise an issue and his CAT claim is waived."); *Qimin Weng v. Gonzales,* 05–5017–ag, brief filed Jan. 6, 2006, at 14 (presenting a single, conclusory sentence in support of argument that immigration judge had improperly denied CAT claim); *Mei Qi Zou v. Gonzales,* 04–3628–ag, brief filed Mar. 18, 2005, order filed Dec. 1, 2005 [157 Fed.Appx. 369] (although brief only challenged immigration judge's denial of CAT claim, and waived all other claims, no evidence in support of the CAT claim had been presented in petitioner's asylum application or his hearing before the immigration judge).

After the issuance of this Court's April 2006 warning in *Qiao Ying Zheng,* Liu continued to file flawed briefs, which were characterized by panels of this Court as "carelessly written," "seriously deficient," conclusory, and not in compliance with the rules governing appellants' briefs. *Xiu Yan Chen v. Gonzales,* 05–2949–ag, brief filed Oct. 3, 2006, order filed Feb. 21, 2007, at 3–4 [228 Fed.Appx. at 13]; *Jang Wan Liu v. Gonzales,* 06–3539–ag, brief received Nov. 16, 2006, order filed Apr. 18, 2007, at 3–4 [231 Fed.Appx. at 18]; *Wen Fui Liu v. Gonzales,* 06–0018–ag, brief received Oct. 20, 2006, order filed May 2, 2007, at 3–4 [230 Fed.Appx. at 43–44]; *Bo Liang Chen v. Gonzales,* 06–2582–ag, brief received Dec. 1, 2006, order filed May 18, 2007, at 3–4 [228 Fed.Appx. at 116–17]; *Ruoxing Y[o]u v. Gonzales,* 05–2855–ag, brief received Dec. 8, 2006, order filed Sept. 5, 2007, at 3–4 [238 Fed.Appx. at 751–52]. As a result of the deficiencies noted in Liu's briefs, the panels deciding the appeals in *Bo Liang Chen* and *Ruoxing Yu* referred both matters to this panel for further review under this Court's attorney grievance rules.[1] *Bo Liang Chen,* 06–2585–ag, order filed May 18, 2007, at 4 [228 Fed.Appx. at 117]; *Ruoxing Y[o]u,* 05–2855–ag, order filed Sept. 5, 2007, at 4 [238 Fed.Appx. at 752].

In addition to the above-described issues, we note that a number of the briefs filed by Liu in the above-cited appeals were submitted to the Court after expiration of the applicable filing deadlines, requiring Liu to request leave to file the briefs late. Furthermore, since October

---

1. We have not examined the February 2007 brief filed by Liu in *Wu Xiong Zhang v. Gonzales,* 06–5451–ag, to determine if it shares the same deficiencies as his briefs in the cases discussed in the text. That appeal has been withdrawn without prejudice to future reinstatement. If Liu decides to seek reinstatement of that appeal, he should ensure that his brief conforms to all applicable rules.

2005, this Court has dismissed at least seven petitions for review for which Liu was counsel of record based on his failure to comply with this Court's scheduling orders.[2] Liu filed a motion for the reinstatement of only one of those dismissed appeals; in that motion, Liu requested leave to file his brief over six months late, based on his assertion that his failure to file the brief at an earlier point was the result of his inability "to locate the Petitioner until recently." *Guang Geng Ye v. Ashcroft,* 04–4441–ag, motion filed June 28, 2006. However, Liu did not explain why he had not moved, prior to the expiration of the filing deadline, for either an extension of time or leave to withdraw as counsel, based on his inability to locate his client. *See id.* This Court denied Liu's motion to reinstate the petition. *See id.,* order filed July 20, 2006.

Upon due consideration of the matters described above, it is ORDERED that Frank R. Liu show cause, by a detailed declaration, why disciplinary or other corrective measures, including disbarment or suspension from this Court's bar, should not be imposed on him, pursuant to Federal Rule of Civil Procedure 46(b) and (c) and Second Circuit Local Rule 46. Liu's declaration must be made under penalty of perjury and filed within twenty-five days of the filing date of this order. Furthermore, the declaration must include: (a) a complete list of all cases pending in this Court in which Liu is counsel of record for a party; (b) a complete list of all bars of which he is a member, including all bar numbers and other bar identification information, and a statement of whether he is in good standing with each identified bar;

and (c) a statement of whether he has been disbarred, suspended, or otherwise disciplined by any bar or court and, if so, a copy of each document imposing such a disciplinary measure must be attached to the declaration.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By: /S/

Michael Zachary

Supervisory Staff Attorney

Counsel to the Grievance Panel

### *APPENDIX 2*

*Response of Frank Liu to order requiring him to show cause why disciplinary or other corrective measures should not be imposed on him*

UNITED STATES COURT
OF APPEALS FOR THE
SECOND CIRCUIT

In re Frank Liu, Attorney.

07–9065–am

**DECLARATION OF FRANK R. LIU**

FRANK R. LIU, declares pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am an attorney duly admitted to practice before this Court and am the subject of the proceedings herein. I submit this Declaration in response to the Court's Order to Show Cause, dated November 20, 2007 (the "OSC"), and request the Court's leniency and understanding in refraining from imposing disciplinary or other corrective measures upon me. As set forth below, my failures were never intentional or

---

**2.** *See* Second Circuit docket sheets for 04–4032; 04–4441; 04–4469; 04–5262; 05–0168; 05–3762; 05–4864. The Court has not reviewed, for purposes of this order, cases

filed earlier than July 2004, and the cases and events noted in the text are not intended as a complete overview of all cases and events that may be relevant to these proceedings.

committed with a knowing disregard of the applicable provisions of the Federal Rules of Appellate Procedure and the Second Circuit Local Rules. Throughout my practice before this Court, I was always mindful of the Court's rules governing attorneys as well as each of my client's best interests. My mistakes arose from my own inexperience rather than the intentional avoidance of this Court's prior orders.

## BACKGROUND

2. I am a Chinese American immigrant, born and raised in China. I came to the United States in 1994 and became a naturalized citizen in 2002. I am married with three young children and am the sole breadwinner of my family.

3. I received my college degree in 1985 from the Institute of International Politics in Beijing, having majored in English. I then taught English for two years before enrolling in 1987 at the Chinese Academy for Social Sciences, where I obtained a graduate degree in journalism in 1990.

4. From 1990 to 1992, I worked as a journalist at the Xinhua News Agency, which is the official press agency for the People's Republic of China. Thereafter, I was assigned by Xinhua to work in Israel from 1992 to 1994.

5. I came to the United States in 1994 and worked as an interpreter for a Chinese agency for two years. I then enrolled at the City University of New York Law School in 1996 and obtained a law degree in 1999. At CUNY Law School, I enrolled in an immigration clinic where I was exposed to the basics of immigration law and practice. As a result of that experience, I decided to focus my practice on immigration matters after graduation from law school.

6. I was admitted to practice in the State of New Jersey in December, 1999 (Bar No. 84825) and in January, 2000, I was admitted to the New York State Bar (Bar No. 3015450). In 2004, I was admitted to the Second Circuit and the Third Circuit. In 2005, I was admitted to the Fourth Circuit. I am presently in good standing in all of the jurisdictions where I am admitted and have not been suspended, disciplined or otherwise sanctioned in any of these jurisdictions.

7. After graduating from law school, in 2000 I opened up my own office, Frank R. Liu & Associates, LLC, which I continue to maintain. My practice primarily consists of immigration matters, with a sampling of divorce and real estate cases. Among my immigration cases, the majority consists of visa and residency applications, and approximately 15% of my entire caseload consists of immigration appeals.

8. I began my immigration practice with a handful of cases, representing the Chinese community exclusively, and gradually as I became more experienced with handling visa and residency applications, my practice grew. In time, I was presented with the opportunity of representing clients in asylum cases, which eventually led to trials and motion practice before the Board of Immigration Appeals ("BIA") as well as appellate work before the Circuit Courts in instances where asylum applications were denied.

9. Other than a secretary, I am the only attorney in my law office and I am solely responsible for all the aspects of a client's case, including trials and appeals. At any given time, I am responsible for a caseload of approximately 30 cases, 5 of which constitute applications for asylum and appeals.

10. Although I did not have any training or experience in appellate practice, I took it upon myself to learn the Federal

Rules of Appellate Procedure and the Second Circuit Local Rules. I also consulted with other immigration attorneys who practice before the appellate courts and also began reviewing appellate briefs in immigration cases filed by other practitioners and used those as templates for my own briefs.

## APPELLATE PRACTICE BEFORE THE SECOND CIRCUIT

A. *The Quality Of The Appellants' Briefs*

11. I first began filing appeals before the Second Circuit in 2003. From 2003 through 2007, I filed a total of 68 appeals, 7 of which are presently pending. The pending cases are as follows:

a. *Yang v. Gonzales*, Docket No. 07–3603

b. *Zou v. Gonzales*, Docket No. 07–3604

c. *Chen v. Gonzales*, Docket No. 07–2859

d. *Cai v. Gonzales*, Docket No. 06–4281

e. *Xu v. Gonzales*, Docket No. 06–0012

f. *Chi v. Gonzales*, Docket No. 05–0649

g. *Wang v. Gonzales*, Docket No. 04–5041

12. Of the 68 appeals filed, 16 were remanded to the BIA; 37 were denied; 7 were dismissed due to the petitioners' voluntary abandonment of their cases; [1] and I was voluntarily withdrawn. In each of

these appeals, I followed the same format in presenting the facts and argument before the Court with mixed results: while many cases were denied, a number were remanded to the BIA for further determination. In general, the quality and format of the briefs submitted in the cases remanded to the BIA were the same as those that were also denied and those that became the focus of this Court's inquiry.

13. With respect to the denied appeals, I first became aware of a potential violation of Rule 28(a) of the Federal Rules of Appellate Procedure on April 27, 2006, when the Court issued its decision in *Qiao Ying Zheng v. Gonzales*, Docket No. 04–4577 [179 Fed.Appx. 84].[2] Prior to the *Zheng* decision, I had already filed approximately 47 appeals with the Second Circuit between 2003 and 2005, none of which were singled out for its poor written quality. In its opinion, the Second Circuit issued a "Warning to Counsel" for the first time, noting that I should not provide mere conclusory statements in my briefs and should refrain from factual statements that are not supported in the record. *Id.*

14. Two months after the *Zheng* decision, the Second Circuit issued three other decisions, from June, 2006 through August, 2006, each of which mentioned my failure to provide supporting arguments in these briefs.[3] I respectfully note, however, that since the briefs in each of these cases were already submitted by the time that the *Zheng* decision was issued, I could not recall the subject briefs from the Clerk of

---

1. While the notices of appeal were filed, no briefs were submitted because the petitioners voluntarily decided not to pursue their appeals.

2. I have received prior denials in other appeals cases, but this was the first time that the Second Circuit specifically addressed the quality of the briefs I wrote. While the OSC mentions the December 1, 2005 decision in

*Zou v. Ashcroft,* Docket No. 04–3628, that decision did not refer to a possible violation of the appellate or local rules.

3. *See Xiu Zhen Chen v. Gonzales,* No. 04–4033–ag, decision dated June 5, 2006; *Weng v. Gonzales,* No. 05–5017–ag, decision dated July 11, 2006 [186 Fed.Appx. 145]; and *Jingchi Jiang v. Gonzales,* No. 04–5245–ag, decision dated August 1, 2006.

the Court (or any other briefs already submitted) in order to make the appropriate revisions.

15. Nonetheless, mindful of this Court's warnings, I made every effort to comply with the requirements of the appellate and local rules. However, given my inexperience, my work as a solo practitioner, and the pressing deadlines I faced not only from the appellate courts but also from the BIA and the Department of Homeland Security, my efforts to improve continued to fall short of the Second Circuit's standards. Consequently, and much to my distress, I was referred to the Committee on Admissions and Grievances in separate decisions issued on May 18, 2007 and September 5, 2007.[4]

16. In retrospect, I should have sought the assistance of more experienced appellate attorneys and/or referred such cases to them, although I was also mindful of the increased costs to my clients, many of whom face financial hardship since they are still in the process of legalizing their status in the United States. It is a lesson that I have taken to heart and, as a result, I have now referred the remaining pending matters to an experienced immigration appeals attorney in order to properly ensure that the briefs in these pending cases are written in compliance with the appellate rules.

### B. Timely Submission Of The Appellants' Briefs

17. Aside from the issue of the quality of the briefs filed with the Second Circuit, the OSC also notes potential problems concerning the timely submission of some of the briefs. Specifically, the OSC mentions the dismissal of 7 petitions for review based on my failure to comply with the scheduling orders. However, no briefs were filed in these cases because the petitioners, other than the petitioner in *Guang Geng Ye v. Ashcroft*, 04–4441–ag, were not willing to proceed.[5] I now understand that the proper procedure in these circumstances is to move to withdraw as counsel or move to extend the time to file a late brief prior to the expiration of the deadlines for filing the briefs. Being new to appellate practice and unfamiliar with these requirements, I incorrectly and regrettably believed that I could simply move to reinstate the dismissed appeals and need not do anything more.

18. As to my requests for leave to file late briefs in several of the appeals that were not dismissed based on noncompliance with the scheduling orders, I can only attribute such requests to the heavy caseload I was handling without any legal assistance and my lack of familiarity with the stringent procedural requirements of this Court. I did not intentionally flout the rules of this Court nor intentionally ignore its prior orders, but in any case I sincerely apologize for the inconvenience I have caused the Court.

### CONCLUSION

19. Although I understand that the consequences of my actions are ultimately mine to bear, I respectfully submit that I did not mean to disregard the rules and requirements of this Circuit or to jeopardize the interests of my clients. I have

4. See *Bo Liang Chen v. Gonzales*, No. 06–2582–ag and *Ruoxing Xu v. Gonzales*, 05–2855–ag.

5. In *Ye*, the petitioner decided to proceed with his appeal several months after the filing deadline had expired. Prior to the expiration of the filing deadline, Mr. Ye. was not reachable and I did not have any indication as to whether he was willing to proceed with his petition before the time for filing expired.

always tried to conduct my practice in the most honorable and ethical manner, and I deeply regret that I did not make an earlier attempt to seek the assistance of more experienced appellate attorneys in this area.

20. In light of the present situation, I have since retained the services of an appellate attorney who is experienced in immigration appeals, and will refrain from representing individuals in appeals cases without his assistance or other similarly experienced attorneys.

21. For all of these reasons, I respectfully request that the Court refrain from sanctioning me or, alternatively, impose the most lenient sanction that is just and warranted under the circumstances.

DATED: New York, New York

December 13, 2007