[977 NYS2d 6]

In the Matter of FRANK R. LIU (Admitted as FRANK RUHUA LIU), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 26, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma Melendez* of counsel), for petitioner.

*Frank R. Liu*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Frank R. Liu was admitted to the practice of law in the State of New York by the First Judicial Department on April 2, 2000. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 imposing reciprocal discipline by way of a public censure of respondent based on an order issued by the United States Court of Appeals for the Second Circuit, dated May 27, 2008 (*In re Liu*, 282 Fed Appx 7 [2d Cir 2008]), publicly censuring him, or in the alternative, an order sanctioning respondent as this Court deems appropriate.

In or about November 2007, the Second Circuit directed respondent to show cause why he should not be subject to disciplinary or other corrective measures based on his pattern of submitting deficient and untimely briefs in connection with petitions for review that he filed in immigration cases. In response, respondent stated, inter alia, that his deficient performance stemmed from his inexperience and unfamiliarity with the applicable rules, his heavy caseload as a solo practitioner, and the pressing deadlines in his various cases. Respondent also stated that he had retained an attorney with experience in immigration appeals and that he would refrain from representing individuals in immigration appeals without his assistance.

By order entered on May 27, 2008, the Second Circuit publicly censured respondent. The court found:

> "that a reasonable person in [respondent's] position would have familiarized himself with the applicable rules and known that his briefs did not satisfy various important Rule 28 requirements; that his behavior put his client's interests in significant peril; and that his briefing deficiencies and his scheduling defaults caused significant inconvenience to the judges and staff of this Court. Although the conduct described in our prior order generally would warrant a significantly greater sanction, we conclude that a lesser sanction is appropriate in light of the circumstances described in [respondent's] response to that order and the other corrective measures

[imposed by the court]" (*In re Liu*, 282 Fed Appx 7, *7 [2d Cir 2008]).

These corrective measures directed respondent not to file new appeals or documents in pending cases unless an experienced attorney appeared as cocounsel; to notify the panel of every case before the court in which respondent would perform legal services within a specified time period, and to provide the panel with copies of all future briefs and certain motions filed with the court within a specified time period. Respondent was also warned that future deficient performance before the court could result in further disciplinary action and/or corrective measures and strongly encouraged to attend CLE courses in appellate practice, legal writing, and immigration law if he continued to file appeals or to practice immigration law.

In a reciprocal discipline proceeding brought under 22 NYCRR 603.3, the only defenses available to a respondent are: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

In his response, respondent acknowledges that he does not have any defense to the imposition of reciprocal discipline and none are available to him. Respondent was sufficiently afforded due process and the finding of misconduct is amply supported by the record before the Second Circuit. Moreover, respondent's pattern of filing deficient and untimely briefs would also constitute misconduct in New York under the former Code of Professional Responsibility DR 6 101 (a) (1)-(3) (22 NYCRR 1200.30 [a] [1]-[3]) and DR-1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) (*see e.g. Matter of Fengling Liu*, 109 AD3d 284 [1st Dept 2013]; *Matter of Gell*, 94 AD3d 116 [1st Dept 2012]), which are applicable because respondent's misconduct before the Second Circuit occurred prior to April 1, 2009. Inasmuch as no defense to the petition exists, the Committee's petition for an order imposing reciprocal discipline should be granted.

In considering an appropriate sanction, this Court generally accords significant weight to the discipline imposed by the jurisdiction where the charges were initially filed (*see Matter of Jarblum*, 51 AD3d 68, 71 [1st Dept 2008]). In addition, the Second Circuit's imposition of a public reprimand is in accord with cases in which this Court has censured attorneys for neglecting

client matters, including immigration matters (*see Matter of Fengling Liu*, 109 AD3d at 291; *Matter of Zhang*, 101 AD3d 79 [1st Dept 2012]).

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent publicly censured.

MAZZARELLI, J.P., ANDRIAS, FREEDMAN, GISCHE and CLARK, JJ., concur.

Respondent publicly censured.